# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| CARLOS DEWAYNE JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-41 JCH |
| ST. LOUIS COUNTY DEPARTMENT OF JUSTICE and AMY JANSSEN, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 76948), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $43.11. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on a portion of the complaint. The Court will also partially dismiss several claims and parties to this action.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. Accordingly, the Court will assess an initial partial filing fee of $43.11, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, who is currently incarcerated at St. Louis County Justice Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are the St. Louis County Department of Justice, Herbert Bernsen and Amy Janssen (Nurse). Plaintiff sues defendants in their individual and official capacities.

Plaintiff claims that he has been incarcerated at the County Jail for over six months. He asserts that he has lost weight and "many nights of sleep" and he "endures pain on a daily basis" as a result of the Jail refusing to assist him with his dental needs.

Plaintiff asserts that he has several cavities and infections in his teeth,[1] which hurt so bad it makes it difficult for him to "finish a meal." He states that he has completed dentist forms on over ten occasions, but no dental care has been given to him. He purports that two of his teeth are "broken down to the gum," and on one of the teeth, his nerve is exposed, making it difficult to function. Plaintiff alleges that although he has suffered with these same issues for over six months, it wasn't until December 2017, that he was told by defendant Janssen that the Jail would set up with an appointment to see the dentist for him. Plaintiff claims that the appointment was not set until he appealed a grievance to defendant Herbert Bernsen. Plaintiff states that he did not receive a response from defendant Bernsen relative to his grievance.

Plaintiff seeks monetary damages and injunctive relief.

**Discussion**

The Court will issue process on plaintiff's individual capacity claims against defendant Nurse Amy Janssen for his assertion that Janssen deliberately delayed his dental treatment in violation of the Eighth Amendment through the present time period. Plaintiff's official capacity claims against Defendant Janssen, as well as plaintiff's claims against the Justice Center/County Department of Justice[2], will be dismissed.

---

[1]These claims are laid out in plaintiff's grievances which are attached to the complaint. The allegations are included in the complaint according to Fed.R.Civ.P.10.

[2]Plaintiff's claim against the St. Louis County Department of Justice and/or the County Justice Center is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Louis County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to Amy Janssen's official capacity claims.

The Court will also dismiss plaintiff's claims against Herbert Bernsen. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, plaintiff has not adequately alleged facts showing that Herbert Bernsen was directly involved in or personally responsible for the alleged violations of his constitutional rights. Rather, plaintiff has merely alleged that he sent a grievance appeal to Herbert Bernsen. "Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). As such the claim against defendant Bernsen is also subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $43.11 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on plaintiff's individual capacity claims against defendant Amy Janssen for a delay in medical/dental care in violation of the Eighth Amendment. Nurse Janssen shall be served by issuance of summons.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's official capacity claims against Nurse Amy Janssen because these claims are legally frivolous, or fail to state a claim upon which relief may be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants St. Louis County Department of Justice or Herbert Bernsen, because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this   11th   day of January, 2018.

\s\  Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE